SKAMANIA COUNTY
FILED
MAR 12 2025 4:30:29 PM
GRACE D. CROSS
SUPERIOR COURT CLERK

SUPERIOR COURT, STATE OF WASHINGTON, SKAMANIA COUNTY

| | |
|---|---|
| CELILO VINEYARD, L.L.C., a Washington limited liability corporation, ROBERT C. FLOREK and KATHY GREWE, husband and wife, HOOD VISTA, LLC, a Washington limited liability corporation, PATRICK W. MCCONNELL and ROBIN K. MCCONNELL, husband and wife, KENNETH D. MUSSER, JR., a married person, HELEN M. PAULUS, a single person, PEAR RIDGE, LLC, a Washington limited liability corporation, WILLIAM C. RICHARDS and KIRBY J. RICHARDS, husband and wife, JANET STONE, a single person, STEVEN M. WOLFF, a single person, CARL T. HAYDEN, a single person<br><br>Plaintiffs,<br><br>vs.<br><br>BURLINGTON NORTHERN SANTA FE CORPORATION, a Delaware corporation<br><br>Defendant. | NO.  25-2-00024-30<br><br>COMPLAINT FOR DAMAGES |

COME NOW the plaintiffs, by and through their attorneys of record, Abeyta Nelson P.C., and alleges:

I.  PARTIES AND JURISDICTION/VENUE

Complaint for Damages - 1

ABEYTA NELSON P.C.
1102 West Yakima Avenue
Yakima, Washington 98902
509.575.1588

1.1    At all times material hereto, Celilo Vineyard, L.L.C. was and is a Washington limited liability company doing business in Skamania County, Washington.

1.2    At all times material hereto, Robert C. Florek and Kathy Grewe were and are husband and wife and residents of Skamania County, Washington.

1.3    At all times material hereto, Hood Vista, LLC was and is a Washington limited liability company doing business in Skamania County, Washington.

1.4    At all times material hereto, Patrick W. McConnell and Robin K. McConnell were and are husband and wife and residents of Skamania County, Washington.

1.5    At all times material hereto, Kenneth D. Musser, Jr. was and is a married person and a resident of Skamania County, Washington.

1.6    At all times material hereto, Helen M. Paulus was and is a single person and a resident of Skamania County, Washington.

1.7    At all times material hereto, Pear Ridge, LLC was and is a Washington limited liability company doing business in Skamania County, Washington.

1.8    At all times material hereto, William C. Richards and Kirby J. Richards were and are husband and wife and residents of Skamania County, Washington.

1.9    At all times material hereto, Janet Stone was and is a single person and a resident of Skamania County, Washington.

1.10    At all times material hereto, Steven M. Wolff was and is a single person and a resident of Skamania County, Washington.

1.11    At all times material hereto, Carl T. Hayden was and is a single person and a resident of Skamania County, Washington.

## II.    DEFENDANT AND JURISDICTION

2.1    At all times material hereto, defendant Burlington Northern Santa Fe Corporation, a Delaware corporation (hereinafter, "BNSF") was and is doing business in Skamania County, Washington.

2.2    Defendant BNSF is a common carrier in Washington state. It owns, operates, maintains, manages, and repairs a railroad system throughout Washington state, including in and around Skamania County, Washington.

ABEYTA NELSON P.C.
1102 West Yakima Avenue
Yakima, Washington 98902
509.575.1588

## III. VENUE

3.1 Venue is proper in this Court because of the negligent acts and omissions by defendant BNSF and the resulting damages suffered by the above-named plaintiffs occurred in Skamania County, Washington.

## IV. FIRES DEFENDANT BNSF STARTED PRIOR TO JULY 2, 2023 NEAR RAILROAD MP 70, EAST OF TUNNEL 5, IN SKAMANIA COUNTY, WASHINGTON

4.1 In September 2007, defendant BNSF started the Broughton Fire in Skamania County, Washington near Tunnel 5.

4.2 The Broughton Fire burned more than 200 acres and seven structures.

4.3 It was determined that the fire was caused by defendant BNSF grinding its railroad tracks.

4.4 According to the Department of Natural Resource's Wildland Fire Investigation Report regarding the Tunnel 5 Fire at issue in this case, defendant BNSF caused several brush fires while griding its railroad tracks in Skamania County, Washington—east of the origin site of the Tunnel 5 Fire—in the five and eight days before the Tunnel 5 Fire at issue in this case.

4.5 Below is a screenshot from the Department of Natural Resource's Wildland Fire Investigation Report regarding the Tunnel 5 Fire at issue in this case, identifying the origin of a brush fire defendant BNSF had started just five days before the Tunnel 5 Fire:

//
//
//
//
//
//
//
//
//
//
//



4.6   As of June 27, 2023, Defendant BNSF knew the vegetation in and/or along the railroad tracks in Skamania County, Washington near Railroad MP 70, east of Tunnel 5, could ignite from embers and/or sparks.

### V.   FIRST CAUSE OF ACTION—NEGLIGENCE & NEGLIGENCE PER SE

5.1   Defendant BNSF owns, operates, and maintains the railroad tracks in Skamania County, Washington running through Tunnel 5 near Railroad MP 70.

5.2   On July 2, 2023, at approximately 11:10 a.m., a train owned, operated, and maintained by defendant BNSF passed through Skamania County, Washington near Railroad MP 70, east of Tunnel 5.

5.3   Below is a screenshot of the train:

//
//
//
//
//
//
//
//

Complaint for Damages - 4

ABEYTA NELSON P.C.
1102 West Yakima Avenue
Yakima, Washington 98902
509.575.1588



5.4 The locomotive identified in paragraph 5.3 above sparked and/or emitted hot debris, carbon particles, and/or other materials that ignited vegetation on and/or next to defendant BNSF's railroad tracks.

5.5 The fire decimated approximately 546 acres and was later named the Tunnel 5 Fire. Below are photographs of the fire:

//
//
//
//
//
//
//
//
//
//
//

Complaint for Damages - 5

ABEYTA NELSON P.C.
1102 West Yakima Avenue
Yakima, Washington 98902
509.575.1588



 

5.6     On July 2, 2023, fire danger was rated high. A burn ban was in effect in Skamania County, Washington.

5.7     The temperature at the time of the Tunnel 5 Fire was approximately 75 degrees.

5.8     Wind speeds near the Tunnel 5 Fire were approximately 12 MPH with gusts of approximately 22 MPH.

5.9     The green and white locomotive leader engine, shown above, is a non-turbocharged engine.

5.10    It is not industry standard to operate a non-turbocharged locomotive during the summer.

5.11     Non-turbocharged locomotives are known to emit hot debris and/or carbon particles that could cause a brush fire.

5.12     Defendant BNSF had a duty to manage vegetation on or near its tracks in Skamania County, Washington near Railroad MP 70, east of Tunnel 5, so as to prevent a fire hazard.

5.13     In violation of 49 C.F.R. § 213.37, defendant BNSF negligently maintained and managed the vegetation on and/or near its railroad tracks in Skamania County, near Railroad MP 70 causing the July 2, 2023 Tunnel 5 Fire.

5.14     Defendant BNSF had a duty to operate, maintain, manage, inspect, and/or repair the locomotive and/or railcars at issue in this case so as to ensure they do not start a brush and/or wildfire.

5.15     Defendant BNSF negligently operated, maintained, managed, inspected, and/or repaired the locomotive and/or railcars at issue in this case causing the July 2, 2023 Tunnel 5 Fire in Skamania County, Washington.

5.16     In violation of 49 C.F.R. § 229, defendant BNSF negligently inspected, maintained, repaired, and operated its locomotive at issue in this case causing the July 2, 2023 Tunnel 5 Fire.

5.17     Defendant BNSF negligently operated the non-turbocharged locomotive identified above without implementing available technologies and safety equipment to mitigate the risk of a brush fire, including, but not limited to, a spark arrester, spark shield, turbocharged engine, and spark resistant brake pads.

5.18     As required under RCW 9.40.040, Defendant BNSF had a duty to equip its locomotives with a modern spark-arrester, in good condition.

5.19     Defendant BNSF negligently operated the locomotive at issue in this case without a modern spark-arrester that was in good condition.

5.20     Defendant BNSF negligently hired, trained, instructed, managed, and supervised its employees and/or third-party contractors including, but not limited to, the engineer, conductor, brake operator, and/or dispatcher with respect to operating its locomotive at issue in this case.

5.21     Defendant BNSF negligently hired, trained, instructed, managed, and supervised

its employees and/or third-party contractors including, but not limited to, the engineer, conductor, brake operator, and/or dispatcher regarding the risk of wildfires and safety and/or emergency procedures if a fire were ignited near its tracks in Skamania County, Washington near Railroad MP 70, east of Tunnel 5.

5.22    Defendant BNSF failed to ensure its locomotive and/or railcars at issue in this case were properly equipped with a mechanism for stopping and/or slowing in a timely manner so as to avoid causing the Tunnel 5 Fire in Skamania County, Washington.

5.23    Defendant BNSF negligently used and/or responded to its "track warning detectors" along its tracks in Skamania County, Washington near Railroad MP 70, east of Tunnel 5, so as to avoid and/or respond to the Tunnel 5 fire at issue in this case.

5.24    Defendant BNSF failed to maintain a vigilant lookout during the operation of the locomotive and/or railcars at issue in this case so as to prevent the start of a wildfire.

5.25    Defendant BNSF failed to properly develop and implement a wildfire mitigation plan and/or an emergency response plan in the event of a fire on or near its tracks in Skamania County, Washington.

5.26    On July 2, 2023, defendant BNSF failed to comply with the Federal Rail Safety Act, 49 U.S.C. § 20101 et. seq., and its accompanying regulations including, but not limited to, 49 C.F.R Parts 213, 229, 232, and 271 thereby causing the Tunnel 5 Fire at issue in this case.

5.27    Defendant BNSF's violation of all statutes and regulations cited herein constitutes negligence per se.

5.28    As a proximate result of the negligence of defendant BNSF, plaintiffs sustained damages in an amount to be proven at trial including, but not limited to, damage to real property, loss of and damage to real property structures, damage and destruction of personal property, emotional distress, annoyance, discomfort, inconvenience, loss of business income and goodwill, and damage to land requiring restoration and erosion control.

## VI.  SECOND CAUSE OF ACTION—NUISANCE

6.1    Plaintiffs re-allege and incorporate the preceding paragraphs of this Complaint.

6.2    Defendant BNSF violated RCW 7.48.120 and/or RCW 7.48.150 including, but not limited to, unlawfully doing an act or omitting to perform a duty, which act or omission

annoyed, injured, and endangered the comfort, repose, health, and/or safety of others, which rendered plaintiffs insecure in the use of their property, thereby creating an actionable nuisance claim.

6.3 As a result of defendant BNSF's creation of a nuisance, plaintiffs sustained damages in an amount to be proven at trial including, but not limited to, damage to real property, loss of and damage to real property structures, damage and destruction of personal property, emotional distress, annoyance, discomfort, inconvenience, loss of business income and goodwill, and damage to land requiring restoration and erosion control.

### VII. THIRD CAUSE OF ACTION—RCW 76.04.495

7.1 Plaintiffs re-allege and incorporate the preceding paragraphs of this Complaint.

7.2 Defendant BNSF committed acts and/or failed to perform acts alleged throughout this complaint which causes them to be liable to the plaintiffs under RCW 76.04.495,

7.3 As a result of defendant BNSF's violation of RCW 76.04.495, plaintiffs sustained damages in an amount to be proven at trial including, but not limited to, damage to real property, loss of and damage to real property structures, damage and destruction of personal property, emotional distress, annoyance, discomfort, inconvenience, loss of business income and goodwill, and damage to land requiring restoration and erosion control.

### VIII. FOURTH CAUSE OF ACTION—RCW 76.04.760

8.1 Plaintiffs re-allege and incorporate the preceding paragraphs of this Complaint.

8.2 Defendant BNSF committed acts and/or failed to perform acts alleged throughout this complaint which causes them to be liable to the plaintiffs under RCW 76.04.760.

8.3 As a result of defendant BNSF's violation of RCW 76.04.760, plaintiffs sustained damages in an amount to be proven at trial including, but not limited to, damage to real property, loss of and damage to real property structures, damage and destruction of personal property, emotional distress, annoyance, discomfort, inconvenience, loss of business income and goodwill, and damage to land requiring restoration and erosion control.

### IX. FIFTH CAUSE OF ACTION—STATUTORY WASTE PURSUANT TO RCW 4.24.630

9.1 Plaintiffs re-allege and incorporate the preceding paragraphs of this Complaint.

9.2 On July 2, 2023, Defendant BNSF knew that the environmental conditions—

ABEYTA NELSON P.C.
1102 West Yakima Avenue
Yakima, Washington 98902
509.575.1588

including, but not limited to, dry vegetation surrounding its tracks in Skamania County, Washington near Railroad MP 70, east of Tunnel 5, lack of rain, high temperatures, and high winds—created a heightened risk of igniting a wildfire while operating a non-turbocharged locomotive.

9.3   Despite this knowledge, Defendant BNSF intentionally operated a non-turbocharged locomotive during the summer—contrary to industry standards—causing it to spark and/or emit hot debris, carbon particles, and other materials that ignited nearby vegetation resulting in the Tunnel 5 Fire at issue in this case.

9.4   As a result of defendant BNSF's intentional conduct, plaintiffs sustained damages in an amount to be proven at trial including, but not limited to, damage to real property, loss of and damage to real property structures, damage and destruction of personal property, emotional distress, annoyance, discomfort, inconvenience, loss of business income and goodwill, and damage to land requiring restoration and erosion control.

### X.   SIXTH CAUSE OF ACTION—NEGLIGENT TRESPASS

10.1   Plaintiffs re-allege and incorporate the preceding paragraphs of this Complaint.

10.2   Plaintiffs did not grant permission for any fire, smoke, and/or ash to enter their properties.

10.3   As a result of defendant BNSF's negligent trespass, plaintiffs sustained damages in an amount to be proven at trial including, but not limited to, damage to real property, loss of and damage to real property structures, damage and destruction of personal property, emotional distress, annoyance, discomfort, inconvenience, loss of business income and goodwill, and damage to land requiring restoration and erosion control.

### XI.   SEVENTH CAUSE OF ACTION—INTENTIONAL TRESPASS

11.1   Plaintiffs re-allege and incorporate the preceding paragraphs of this Complaint.

11.2   As a result of defendant BNSF's intentional conduct, plaintiffs sustained damages in an amount to be proven at trial including, but not limited to, damage to real property, loss of and damage to real property structures, damage and destruction of personal property, emotional distress, annoyance, discomfort, inconvenience, loss of business income and goodwill, and damage to land requiring restoration and erosion control.

## XII. EIGHTH CAUSE OF ACTION—INFLICTION OF EMOTIONAL DISTRESS

12.1   Plaintiffs re-allege and incorporate the preceding paragraphs of this Complaint.

12.2   Defendant BNSF knew, or should have known, its conduct on July 2, 2023 in Skamania County, Washington would cause plaintiffs to suffer emotional distress due to its wrongful conduct that caused the Tunnel 5 Fire at issue in this case.

12.3   As a result of defendant BNSF's wrongful acts and/or failure to act, plaintiffs suffered, and will continue to suffer mental pain and suffering including, but not limited to, emotional suffering, anguish, fright, horror, nervousness, grief, anxiety, depression, shock, humiliation, embarrassment, and/or nightmares.

## XIII.   NINTH CAUSE OF ACTION—*RES IPSA LOQUITOR*

13.1   Plaintiffs re-allege and incorporate the preceding paragraphs of this Complaint.

13.2   There is no evidence that any other individual or entity other than defendant BNSF caused or contributed to the Tunnel 5 Fire.

13.3   The Department of Natural Resources completed a Wildland Fire Investigation Report ruling out any other potential causes to the Tunnel 5 Fire.

13.4   As a result of defendant BNSF's wrongful acts and/or failure to act, plaintiffs sustained damages in an amount to be proven at trial including, but not limited to, damage to real property, loss of and damage to real property structures, damage and destruction of personal property, emotional distress, loss of business income and goodwill, and damage to land requiring restoration and erosion control.

## XIV.   TENTH CAUSE OF ACTION—INVERSE CONDEMNATION, WASHINGTON CONSTITUTION ARTICLE 1, SECTION 16

14.1   Plaintiffs re-allege and incorporate the preceding paragraphs of this Complaint.

14.2   Under Article I, Section 16 of the Washington State Constitution, private property shall not be taken or damaged for public or private use without just compensation having been first made.

14.3   Pursuant to RCW 81.36.010 and RCW 81.53.180, defendant BNSF has the power of eminent domain.

14.4   As of July 2, 2023, defendant BNSF owned, operated, maintained, and repaired

the railroad tracks in Skamania County, Washington near Railroad MP 70, east of Tunnel 5.

14.5   On July 2, 2023, defendant BNSF operated a locomotive under hazardous fire conditions and thereby caused the Tunnel 5 Fire, which damaged and destroyed plaintiffs' real and personal properties, and substantially interfered with plaintiffs' use, access, enjoyment, and value of such properties.

14.6   The damage to plaintiffs' properties was a necessary incident to defendant BNSF's operation of its locomotive under hazardous fire conditions on July 2, 2023 in Skamania County, Washington near Railroad MP 70, east of Tunnel 5.

14.7   The harms and damages to plaintiffs' properties are extensive and ongoing including, but not limited to, damage to and destruction of homes, outbuildings, and other structures; automobiles, equipment, tools, sports equipment, personal effects, and cherished items; ancient trees, ornamental trees, and other landscape features; and contamination of soils, erosion, and land instability.

14.8   The harms and damages to plaintiff's properties are permanent and/or so extensive that those properties may not be restored for generations if ever.

14.9   In causing the Tunnel 5 Fire, defendant BNSF—because of its power of eminent domain and its status as a common carrier—acted as an instrumentality of state power.

14.10   Defendant BNSF took plaintiffs' properties without just compensation being paid.

14.11   Plaintiffs are entitled to recover damages from defendant BNSF for the taking of their real and personal properties in an amount to be proven at trial.

14.12   Plaintiffs are also entitled, pursuant to RCW 8.25.070, to recover reasonable attorney, appraisal, and other fees incurred because of this proceeding.

### XV. PRAYER FOR RELIEF

**WHEREFORE,** plaintiffs pray for judgment against defendant BNSF as follows:

1.   For judgment against defendant compensating plaintiffs for their real and personal property damages, costs of restoration, and all consequential damages in an amount to be proven at trial;

2.   For an award of damages against defendant compensating plaintiffs for any past and future out-of-pocket expenses in an amount to be proven at trial;

3. For an award of damages against defendant compensating the plaintiffs for their past and future mental anguish and emotional distress in an amount to be proven at trial;

4. For an award of treble damages against defendant compensating plaintiffs for general and or special damages;

5. For an award of attorney fees and costs against defendant incurred by plaintiffs in an amount to be proven at trial; and

6. For such other and further relief as the court deems proper in the circumstances.

DATED: March 13, 2025

**ABEYTA NELSON P.C.**
Attorneys for Plaintiffs

By: _____
Rodney K. Nelson
WSBA 9587
